IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN COOPER<br>7015 Woolston Avenue<br>Philadelphia, PA 19138<br>    and<br>LESTER PEAK<br>1251 North 27th Street<br>Philadelphia, PA 19121<br>    and<br>CURTIS GARDNER<br>3367 Frankford Avenue<br>Philadelphia, PA 19134<br>    and<br>CHARLES RICHARDSON<br>6529 North Woodstock Street<br>Philadelphia, PA 19138<br>    and<br>HARRY JAMES<br>1622 South Yewdall St.<br>Philadelphia, PA 19143<br>    Plaintiffs,<br><br>v.<br><br>LIFE STAR AMBULANCE, INC.<br>15 Ardrossan Ave.<br>West Chester, PA 19382-7283<br>    and<br>MICHAEL KLING<br>c/o Life Star Ambulance, Inc.<br>15 Ardrossan Ave.<br>West Chester, PA 19382-7283<br>    and<br>LEE SCHWARTZ<br>c/o Life Star Ambulance, Inc.<br>15 Ardrossan Ave.<br>West Chester, PA 19382-7283<br><br>    Defendants. | CIVIL ACTION NO.:<br><br>DOCKET NO<br><br><br>**COMPLAINT AND JURY DEMAND**<br><br>**COLLECTIVE ACTION ON BEHALF**<br>**OF PLAINTIFFS AND ALL SIMILARLY**<br>**SITUATED PERSONS** |

1

## COLLECTIVE ACTION COMPLAINT

Lester Peak, Brian Cooper, Curtis Gardner, and Charles Richardson (hereinafter referred to collectively as "Plaintiffs" unless otherwise indicated), on behalf of themselves and all employees/former employees who are similarly situated to them hereby bring this collective action against Defendants.

## INTRODUCTION

1.  Plaintiffs have initiated the instant collective action to redress violations by Defendants of the Fair Labor Standards Act "FLSA" (29 U.S.C. §§ 201, *et. seq.*). Plaintiffs assert that Defendants failed to pay them overtime compensation along with all employees/former employees who are similarly situated to them and who also worked as drivers for any of Defendants' locations.

## JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights under such federal laws.

3.  This Court may properly maintain personal jurisdiction over Defendants because their contacts with this State and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiffs are adult *sui juris* individuals with addresses as set forth above.

7. Defendant Life Star Ambulance Inc. ("Defendant Company") is a company that provides medical transportation services in several states throughout the United States, and it is headquartered at the above-captioned address.

8. Defendant Michael Kling is upon information and belief the owner and/or supervisor of Defendant Company who oversees daily operations, manages operations, and who exercises authority and control over the terms and conditions of employees including but not limited to terms of compensation, wages and pay of employees (including Plaintiffs).

9. Defendant Lee Schwartz is upon information and belief a high level manager and supervisor of Ambulance Drivers for Defendant Company. This person, at all times relevant herein, managed Plaintiffs and exercises/exercised authority and control over the terms and conditions of Plaintiffs and other employees including but not limited to terms of compensation, wages and pay of employees.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiffs consist of employees who worked for Defendants dating back 3 years from the filing of the instant lawsuit.

13. Plaintiff Cooper worked for Defendant Company for approximately five (5) years.

14. Plaintiff Peak has worked for Defendant Company for approximately three (3) years.

15. Plaintiff Gardner worked for Defendant Company for approximately two and one half (2.5) years.

16. Plaintiff Richardson worked for Defendant Company for approximately two (2) years.

17. Plaintiff James worked for Defendant Company for approximately three (3) years.

18. Defendant Company is a transportation service which employs drivers who are considered to perform para-transit-related services/duties.

19. All four (4) Plaintiffs were employed as para-transit drivers for Defendant Company.

20. Plaintiffs' job responsibilities (as well as the putative class of plaintiffs) have consisted of driving and transporting clients to and from locations within Pennsylvania, specifically the greater Philadelphia region.

21. Plaintiffs did not perform any work for Defendants outside of Pennsylvania.

22. None of the four (4) Plaintiffs possess commercial driver's licenses, nor were they required to possess such licenses in order to perform their jobs for Defendants.

23. Plaintiffs did not have responsibilities to supervise employees of Defendants, discipline employees of Defendants, or to hire or terminate employees of Defendants during their respective tenures with Defendants.

24. Plaintiffs did not have responsibilities to make management or business decisions for Defendants relating to purchasing assets, marketing, sales/financial targets, or other company financial decisions.

25. Plaintiffs and other drivers similarly situated to them were originally paid hourly rates until Defendants, at varying times, tried to falsely refer to them as to independent contractors.

26. At times when Defendants knowingly and intentionally referred to Plaintiffs and similarly situated employees as independent contractors solely to avoid state and/or federal wage obligations, such employees were not properly paid overtime compensation.

27. Even though Plaintiffs and other drivers that were similarly situated to Plaintiffs were switched from being paid hourly to other varying rates of pay (such as unlawful flat rates), Plaintiffs remained employees of Defendant Company as they were still paid by Defendant Company, still wore the same uniform, worked under the same owner, and received reports and assignments from the same dispatcher, as when they worked for Defendant Company.

28. Despite being called independent contractors by Defendants to avoid state and/or federal wage obligations, Plaintiffs were never independent contractors and continued to operate in the same manner as when they were referred to as employees under the same/similar work schedules.

29. Throughout their employment, Plaintiffs and other drivers similarly situated to them worked (and continue to work) well over 40 hours per week and often worked (and continue to work) from 10-20 hours of overtime per week.

30. Plaintiffs and other drivers similarly situated to them were not paid time and one half for hours that they worked in excess forty (40) hours a week during the time that Defendant Company considered them "independent contractors" and at other times when the employees were mischaracterized and/or cheated out of legally entitled earnings.

31. During Plaintiffs' employment with Defendants, Plaintiffs were never paid by salary.

32. Defendants have and continue to perpetuate a system whereby they intentionally fail to abide by overtime laws, which is evidenced by:

   a. Defendants' false conversion of employees to flat rates and other forms of varying pay instead of hourly rates to further conceal overtime violations;

   b. Defendants converting Plaintiffs into independent contractors to conceal overtime violations; and

   c. Defendants failing to keep proper records of all hours worked by Plaintiffs.

   d. Defendants failing to pay Plaintiffs and other drivers similarly situated to them time and one half for the hours they worked over forty (40) hours a week during the time that Defendants considered them "independent contractors."

33. Upon information and belief, Defendants maintain across-the-board unlawful pay policies and practices designed and orchestrated to evade federal wage laws and have failed to pay employees similarly situated to Plaintiffs proper overtime wages.

**Count I**
**Fair Labor Standards Act ("FLSA")**
**(Failure To Pay Overtime Compensation)**
**- Against All Defendants -**

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

36. At all times relevant herein, Defendants to this Action were responsible for paying wages to Plaintiffs and employees similarly situated to Plaintiffs.

37. At all times relevant herein, Plaintiffs were employed with Defendants as "employee[s]" within the meaning of the FLSA, as were employees who also worked as drivers and who were similarly situated to Plaintiffs.

38. The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

39. At all times during his employment with Defendants, Plaintiffs were "non-exempt" employees within the meaning of the FLSA.

Defendants' violations of the FLSA as to Plaintiffs and employees who are/were similarly situated to Plaintiffs include, but are not limited to:

   a. Not paying them at least 1.5 times their regular hourly rate of pay for all hours worked in excess of forty per work week;

   b. Not using proper record keeping mandated by the Department of Labor to ensure that they were paid for each and every hour they worked; and

    c.    Converting their employment from an hourly rate employee to an independent contractor with a flat rate per ride to avoid FLSA regulations and conceal overtime violations (and other forms overtime withholding/non-payment).

40.    Defendant Individuals are personally liable because they were high-level management responsible for the terms and conditions of employment for Plaintiffs including but not limited to their compensation.

41.    As a result of Defendants' failure to pay Plaintiffs the wages and overtime compensation due them and other employees who also worked as drivers and who were similarly situated to Plaintiffs, Defendants violated the FLSA, causing Plaintiffs and similarly situated employees to suffer damages.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice or customs in violation of state and federal wage laws;

(2) Defendants are to compensate, reimburse, and make Plaintiffs and all employees similarly situated to Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings and wages. They should be accorded those benefits illegally withheld.

(3) Plaintiffs and employees similarly situated to Plaintiffs should be awarded liquidated damages as applicable under the laws which they are suing in an amount believed to be appropriate to deter such conduct by Defendants in the future; and

(4) Plaintiff and employees similarly situated to Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

            Respectfully submitted,

            **KARPF, KARPF & CERUTTI, P.C.**

      By: _____
         Ari R. Karpf, Esq.
         3331 Street Road
         Two Greenwood Square
         Suite 128
         Bensalem, PA 19020

Date: November 29, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Brian Cooper, et al.  :  CIVIL ACTION
              v.       :
Life Star Ambulance, Inc., et al.  :  NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

11/29/2012           Ari R. Karpf           Plaintiff
**Date**          **Attorney-at-law**     **Attorney for**

(215) 639-0801       (215) 639-4970        akarpf@karpf-law.com

**Telephone**        **FAX Number**        **E-Mail Address**

(Clv. 660) 10/02

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _See attached sheet_

Address of Defendant: _See attached sheet_

Place of Accident, Incident or Transaction: _Defendant's place of business_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _Ari R. Karpf_, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 11/29/2012   Attorney-at-Law   ARK2484   Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/29/2012   Attorney-at-Law   ARK2484   Attorney I.D.# 91538

CIV. 609 (5/2012)

**Plaintiff Contact Information**

Brian Cooper
7015 Woolston Avenue
Philadelphia, PA 19138

Lester Peak
1251 North 27th Street
Philadelphia, PA 19121

Curtis Gardner
3367 Frankford Avenue
Philadelphia, PA 19134

Charles Richardson
6529 North Woodstock Street
Philadelphia, PA 19138

Harry James
1622 South Yewdall St.
Philadelphia, PA 19143

**Defendant Contact Information**

Life Star Ambulance, Inc.
15 Ardrossan Ave.
West Chester, PA 19382-7283

Michael Kling
c/o Life Star Ambulance, Inc.
15 Ardrossan Ave.
West Chester, PA 19382-7283

Lee Schwartz
c/o Life Star Ambulance, Inc.
15 Ardrossan Ave.
West Chester, PA 19382-7283

%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BRIAN COOPER, et al.

(b) County of Residence of First Listed Plaintiff **Philadelphia**

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
LIFE STAR AMBULANCE, INC., et al.

County of Residence of First Listed Defendant **Chester**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Labor Standards Act "FLSA" 29USC201

Brief description of cause:
Violations of the FLSA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE

DOCKET NUMBER

Explanation:

DATE 11/29/2012

SIGNATURE OF ATTORNEY OF RECORD

[ Print ] [ Save As... ] [ Export as PDF ] [ Retrieve PDF File ] [ Reset ]